```
                                                    FILED
                                                MISSOULA, MT
          IN THE UNITED STATES DISTRICT COURT
                                              2005 NOV 23 PM 3 37
            FOR THE DISTRICT OF MONTANA
                                                PATRICK E. DUFFY
                    MISSOULA DIVISION
                                              BY_____
                                                 DEPUTY CLERK
ROGER ALLEN GRIFFIN,            )   CV 04-11-M-DWM
                                )
          Plaintiff,            )
                                )
     vs.                        )   NUNC PRO TUNC ORDER
                                )
MIKE MCMEEKIN, MISSOULA         )
COUNTY SHERIFF, et. al          )
                                )
          Defendants.           )
                                )
```

## Introduction and Background

United States Magistrate Judge Leif B. Erickson entered an Order and Findings and Recommendations (Dkt. #15) in this matter on September 4, 2004. Plaintiff Griffin did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

On January 13, 2004, Judge Erickson entered an Order requiring Plaintiff to file an Amended Complaint to cure several deficiencies pointed out by the court. Plaintiff complied, and also submitted the following new motions: for Order to Stop

Missoula County Detention Facility (MCDF) from Holding Legal Mail and for to Access the Law Library (Dkt. # 8); Order for MCDF to Return Mail and Change Mail Policy (Dkt. # 9); and for Order to Allow Plaintiff to Add Illegal Search and Seizure and Three New Defendants to the Amended Complaint (Dkt. # 10).

With respect to the amended complaint, Judge Erickson found that: claims 2,5,6, and 7 of Plaintiff's Amended Complaint should be **DISMISSED** because they exclusively seek declaratory judgment; claims 1,3, and 8 of Plaintiff's Amended Complaint should be **DISMISSED** for other reasons set forth in this Order and Recommendation; Defendants against whom the dismissed claims were directed should be **DISMISSED**; Defendants named in the original Complaint, but not the Amended Complaint should be **DISMISSED**; and claims raised in the original Complaint, but not the Amended Complaint should be **DISMISSED**.

Judge Erickson determined that the remaining allegations in claims 4 and 9 may state a claim for relief. Accordingly the Amended Complaint should be served on Defendants and Defendants are required to respond to claims 4 and 9.

With respect to the Plaintiff's motions, Judge Erickson **DENIED** Plaintiff's Motion for Order to stop MCDF from holding legal mail and for access to the law library (Dkt. # 9); **DENIED** Plaintiff's Motion for MCDF to Return Mail and to Change Mail Policy (Dkt. # 11); and **GRANTED** Plaintiff's Motion for Order to

Allow Plaintiff to Add Illegal Search and Seizure and Three New Defendants to Amended Complaint (Dkt. # 10); however, the Plaintiff has failed to valid state claims against the three named Defendants in the search and seizure charge and those Defendants should be **DISMISSED**.

## Substantive Analysis

### I. Plaintiff's Amended Complaint

#### A. Defendants Not Named in Amended Complaint

Plaintiff's Original Complaint named 30 Defendants involved in his arrest in Washington, subsequent transfer through Idaho to Montana, and incarceration in Montana. Plaintiff's Amended Complaint does not name many of the original Defendants.

The Washington Defendants excluded are: the State of Washington, the Spokane Police Department, the Chief of Police of the Spokane Police Department, two unknown Spokane Police Department officers, the Adult Probation and Parole Department for the State of Washington, Matthew Shanks with the Adult Probation and Parole Department for the State of Washington, the Spokane County Jail, the Spokane Sheriff's Department, the Spokane County Public Defender's Office, and the Spokane County Commissioners.

The Idaho Defendants not included are: the State of Idaho, the Kootenai County Commissioners and the Kootenai County Sheriff's Department.

The Montana Defendants not included are: the State of Montana, Missoula County Jail, Missoula County Commissioners, Missoula County Sheriff's Department, and the following employees of the Missoula County Sheriff's Department: Deputy Conway, Detective Tom Lewis, Janice Starr, Deputy Pfau, Officer Crowley, Carla Cross, Larry Delzer.

Because the Defendants listed above were not included in the amended complaint, Judge Erickson properly determined that they should be **DISMISSED** from Plaintiff's action.

**B. Claims Not Included in Plaintiff's Amended Complaint**

In addition to dropping the Defendants listed above, Plaintiff also dropped the following claims in his Original Complaint from his Amended Complaint.

1) Claim 1A that when Plaintiff was booked into MCDF on May 2, 2003 he was not given a copy of a property inventory sheet. (Plaintiff's Complaint, p. 4).

2) Claim 2 that Defendants obtained an arrest warrant for the charge of theft and unlawfully, maliciously and vindictively prosecuted Plaintiff. (Plaintiff's Complaint, pp. 6-7)

3) Claim 3 that Defendants have a telephone price gouging and telephone monopoly against prisoners which prevented Plaintiff from making phone calls due to the cost of each call. (Plaintiff's Complaint, p. 7).

4) Claims 5A, C and D that Defendants punish every prisoner

in a cell block for the alleged rule violations of one prisoner; that Defendants charge Plaintiff for basic hygiene items and mailing supplies even though he is indigent; and that the bunks in MCDC's cells are approximately five feet above the floor and there is no ladder to get up and down.

5) Claim 8 that some Defendants released confidential prisoner information. (Plaintiff's Complaint, p. 15).

Because these claims were not included in Plaintiff's Amended Complaint, Judge Erickson determined that they should be **DISMISSED** from Plaintiff's action.

### C. Claims in Plaintiff's First Amended Complaint

#### i. Claim 1: Extradition

Claim 1 in Plaintiff's First Amended Complaint alleges that his April 24, 2004 arrest in Spokane, Washington on a warrant out of Montana and May 2, 2003 extradition across Idaho to Montana was "done to Plaintiff knowingly, intentionally and deliberately to kidnap Plaintiff and cause undo (sic) delay in getting Plaintiff to court," in violation of his First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amended rights under the United States Constitution; the State Constitutions of Montana, Idaho and Washington; and 18 U.S.C. §§ 241, 242. (Dkt. # 8- Amended Complaint, p. 2). Plaintiff contends that Governor John Locke, Governor Judy Martz, the Governor of Idaho, Sheriff Mark Sterks, and Sheriff Mike McMeekin are all supervisors in control of

enforcing and carrying out extradition, and they did nothing to terminate the acts against the Plaintiff.

Judge Erickson found that the Plaintiff did not state any basis for his allegations that his rights were violated. Because Plaintiff acknowledged that there was a valid warrant for his arrest and that he signed his extradition papers, he was advised in the Court's January 13, 2004 Order (Dkt. # 5) that he is required to show that the charges against him were disposed of in his favor to proceed with the claim. He did not do so in his Amended Complaint. Therefore, Judge Erickson found that to the extent Plaintiff is challenging his arrest in Washington or the timing of his extradition, his claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87(1994)(holding that a prisoner has no cause of action for unconstitutional conviction or imprisonment under § 1983 unless his conviction or sentence is reversed, expunged, invalidated or called into question by the grant of a writ of habeas corpus). "Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus." Young v. Kenny, 907 F.2d 874, 875-876 (9th Cir, 1989) cert denied 498 U.S. 1126 (1991), citing Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973).

Therefore, Judge Erickson found that claim 1 should be **DISMISSED** as the sole federal remedy is a writ of habeas corpus.

### ii. Claims 2, 5, 6, and 7: Declaratory Judgment

Plaintiff seeks exclusively declaratory judgment with respect to claim 2 (not being allowed an initial phone call), claims 5 (penalties for clogged toilets), claim 6 (denial of writing materials and access to the law library), and claim 7 (denial of legal materials).

A plaintiff is not entitled to declaratory judgment every time a defendant is in the wrong. Like other forms of equitable relief, declaratory judgment "should be granted only as a matter of judicial discretion, exercised in the public interest." "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor... afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985)(en banc).

Judge Erickson found that none of Plaintiff's claims raised new issues of law, or issues so unique as to warrant a declaratory statement regarding the acts of the Defendants. Clear law on these types of claims exists. To the extent Plaintiff can show he has been personally injured by the alleged wrongs set forth in claims 2, 5, 6, and 7, his potential remedies would be either injunctive relief, or a claim for damages, or both. Therefore the Court should decline to grant declaratory judgment on these matters and claims 2, 5, 6, and 7 should be **DISMISSED** as they seek solely declaratory relief.

### iii. Claim 3: Food Distribution

Plaintiff's third claim is that his meals are handed out by inmate workers and MCDF employees who are not screened for communicable diseases and to not wear hair or beard nets. This claim is barred under the Prison Litigation Reform Act (PLRA), 42 U.S.C. §§ 1997e(e). The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §§ 1997e(e).

Judge Erickson found that the Court already instructed Plaintiff that he had to allege physical injury to proceed with this claim in its January 13, 2004 Order (Dkt. # 5). Plaintiff did not made a claim that he suffered any physical injury as a result of MCDF's food service policy and therefore claim 3 should be **DISMISSED**.

### iv. Claim 4: Denial of Glasses

Plaintiff claims that Defendants have delayed in obtaining dark lensed glasses for him, which have been recommended by a physician. Plaintiff contends that the glasses are necessary to stop burning, itching eyes and migraine headaches. Plaintiff also contends that Defendants have not given him sufficient medication to deal with his migraine headaches and that he has not received adequate medical attention for his eye problems.

Judge Erickson found that with liberal construction, this allegation may state a claim for relief, if proven, warranting a response from Defendants. Accordingly, the Amended Complaint will be served on Defendants and Defendants will be required to respond to claim 4.

### v. Claim 8: Alleged Mistreatment by Guards and Damaged Clothing

Plaintiff alleges in Claim 8 that MCDF employees played with lights, yelled, cussed over the intercom and locked down inmates for no apparent reason, and that "on occasion uniforms and sheets are damaged." He contends that these actions violated his rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution. While the First, Fourth, Fifth, and Eighth Amendments are not applicable to these claims, claims against law enforcement personnel for harassment are generally viewed as attempts to state a claim for denial of substantive due process rights under the Fourteenth Amendment.

"[T]he substantive component of the Due Process Clause... protects individual liberty against 'certain government[al] actions regardless of the fairness of the procedures used to implement them.'" Robertson v. Plano City of Tex., 70 F.3d 21, 24 (5th Cir. 1995) (citing Collins v. City of Harker Heights, 503 U.S. 115, 125 (1992)). Alleged violations should be analyzed in light of all the circumstances. Id. at 24 (citing McFadden v.

Lucas, 713 F.2d 143, 146 (5th Cir. 1983)). The Robertson Court found that "mere threatening language or gestures of a custodial officer do not, even if true, amount to constitutional violations." Id. See also, Johnson v. Glick, 481 F. 2d 1028, 1033 n. 7 (2nd Cir. 1973)(the use of language, no matter how violent, does not constitute a § 1983 violation); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (verbal harassment consisting of sheriff's threat to "hang" prisoner not actionable under § 1983).

With respect to Plaintiff's claims regarding damaged clothing and sheets, courts have held that "[t]he denial of adequate clothing can inflict pain under the Eighth Amendment." Walker v. Sumner, 14 F.3d 1415, 1421 (9th Cir. 1994). However, Plaintiff only alleges that uniforms and sheets are occasionally damaged. Plaintiff has not alleged the infliction of pain necessary to qualify as a claim under the Eighth Amendment.

Accordingly, Judge Erickson found that the alleged conduct of the Defendants, even if true, does not rise to the level of a constitutional violation and is insufficient as a matter of law to constitute a pattern of harassment. He also found that this claim can not be cured by the inclusion of additional facts and therefore claims 8 should be **DISMISSED**.

### vi. Claim 9: Denial of Religious Materials and Services

Plaintiff's claim 9 alleges that Plaintiff was denied religious material which was sent to him, and denied access to religious services. Judge Erickson found that with liberal construction, this allegation may state a claim for relief, if proven, warranting a response from Defendants. Accordingly, the Amended Complaint will be served on Defendants and Defendants will be required to respond to claim 9.

## II. Defendants in Plaintiff's Addition to Amended Complaint

Judge Erickson granted Plaintiff's motion to add to the amended complaint (Dkt. #10) but correctly found that the following Defendants should be dismissed: Deputy County Attorney Karen Townsend, County Attorney Fred Van Valkenburg, and Sheriff Mike McMeekin.

A state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights while engaging in activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). This immunity "does not attach to administrative of investigatory acts by prosecutors unrelated to their preparation for and initiation of prosecution." Romano v. Bible, 169 F.3d, 1182, 1186 (C.A.9, 1999).

Plaintiff's allegations against Townsend are that she asked a Sheriff's deputy to investigate the statement of fact and

-11-

checks and that she filed an amended information and affidavit against Plaintiff. Judge Erickson found that both of these actions were intimately associated with the judicial phase of the criminal process. Therefore Townsend is entitled to absolute immunity and should be **DISMISSED** from this claim.

Plaintiff has not stated any allegations against Sheriff McMeekin, or Chief Prosecutor Fred Van Valkenburg, who he also named as Defendants with regard to this claim. Plaintiff was specifically instructed in the Court's January 13, 2004 Order (Dkt. #5) that he must set forth specific facts upon which he relies in claiming the liability of each defendant. Fed R. Civ. P. Rule 8(a)(2); Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of the complaint does not satisfy this requirement. Accordingly, Judge Erickson found that Defendants Van Valkenberg and McMeekin should be **DISMISSED** from this claim.

### Conclusion

The Court finds no clear error with Judge Erickson's conclusions. Accordingly, the Court adopts the Findings and Recommendation in full.

It is therefore **HEREBY ORDERED**: Plaintiff's claims 1,2,3,5,6,7, and 8 of Plaintiff's Amended Complaint are **DISMISSED**; defendants against whom the dismissed claims were directed are **DISMISSED**; defendants named in the original

Complaint but not in the Amended Complaint are **DISMISSED**; Defendants Townsend, Van Valkenburg, and McMeekin in the approved Addition to the Amended Complaint are **DISMISSED**; and claims raised in the original Complaint, but not in the Amended Complaint are **DISMISSED**.

This Nunc Pro Tunc Order replaces this Court's November 7, 2005 Order (Dkt. # 36).

DATED this 23rd day of November, 2005.

Donald W. Molloy, Chief Judge
United States District Court